IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMVAULT SYSTEMS, INC., | No. C-13-1332 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |
| v. | |
| PB&J SOFTWARE, LLC, | |
| Defendant. | |

Before the Court is defendant PB&J Software, LLC's ("PB&J") "Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer," filed May 3, 2013. Plaintiff CommVault Systems, Inc. ("CommVault") has filed opposition, to which PB&J has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for June 28, 2013, and rules as follows.

**BACKGROUND**

On March 8, 2013, PB&J sent to CommVault, at its address in New Jersey, a letter in which PB&J "advised" CommVault that CommVault was "in violation of United States Patent 735635" by reason of "selling or purporting to license one or more products which include the seeding feature covered by the 535 patent." (See Armond Decl., filed May 17,

2013, Ex. 2.)  In said letter, PB&J included a "demand" that CommVault "cease and desist" from using, selling, or licensing "infringing products."  (See id.)  Shortly thereafter, on March 25, 2013, CommVault filed the instant complaint, by which it seeks a declaration that it "has not infringed and is not infringing, contributorily infringing, or inducing infringement of the '535 Patent."  (See Compl. at 3:3-4).

**DISCUSSION**

By the instant motion, PB&J argues it is not subject to personal jurisdiction in this District.

"Personal jurisdiction takes two forms: specific and general."  AFTG-TG, LLC v. Nuvoton Technology Corp., 689 F.3d 1358, 1360 (Fed. Cir. 2012).  "Specific jurisdiction arises out of or relates to the cause of action, id. (internal quotation and citation omitted), and "entails a three-part test: (1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair," id. at 1361.  Specific jurisdiction can be shown "even if [the defendant's] contacts [with the forum] are isolated and sporadic."  Id. at 1360 (internal quotation and citation omitted).  By contrast, "[g]eneral jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts."  Id. at 1360 (internal quotation and citation omitted).

In support of its motion, PB&J relies on a declaration provided by James Rothbarth ("Rothbarth"), who states he is the "sole manager, member, and employee of PB&J."  (See Rothbarth Decl., filed May 3, 2013, ¶ 1.)[1]  In his declaration, Rothbarth states PB&J "does not maintain any offices in the State of California" (see id. ¶ 2), "has never conducted business relating to the '535 Patent in the Northern District of California" (see id. ¶ 3), "has never enforced the '535 Patent in the Northern District of California" (see id. ¶ 4), "has never solicited customers with respect to the '535 Patent in the Northern District of

---

[1] The declaration is filed as an attachment to PB&J's motion.

2

California" (see id. ¶ 5), "does not maintain a registered agent or an office for service of process in California" (see id. ¶ 6), "has never filed suit in the Northern District of California" (see id. ¶ 9), and "has never reached any agreements relating to the enforcement of the '535 Patent against companies that reside in the Northern District of California" (see id.). CommVault argues that PB&J nonetheless is subject to specific jurisdiction.[2] As discussed below, the Court disagrees.

Where, as in the instant case, the jurisdictional determination is based on declarations and other written materials, the plaintiff bears the burden of making a prima facie showing that the defendant is subject to personal jurisdiction. See Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003), cert. denied, 540 U.S. 1111 (2004).

Here, CommVault first relies on a webpage, located on a website maintained by another entity, Startuply.com, that lists, without further elaboration, PB&J's "Address" as "San Jose, California." (See Armond Decl. Ex. 9.) CommVault argues that "[b]y representing that it has its headquarters in San Jose to solicit potential employees in California and elsewhere, PB&J has . . . purposefully directed its activities to this District." (See Pl.s' Opp. at 5:14-15.)[3] Nothing on the above-referenced webpage, however, suggests the reference to "San Jose, California" is a statement either made by or attributable to PB&J, as opposed to a statement by the operator(s) of Startuply.com.[4] Moreover, even assuming PB&J made the statement in some type of effort to solicit California residents to work for PB&J, CommVault's claim for a declaration of non-infringement in no way arises out of or relates to any such solicitation activity.

---

[2] CommVault states it currently is "not in a position to provide facts supporting general jurisdiction." (See Pl.'s Opp., filed May 17, 2013, at 3:22-28.)

[3] San Jose is located in the Northern District of California.

[4] Further, said webpage lists, as the sole web address for PB&J, a link to www.backnbiz.com, a website that contains no reference to PB&J or to any location in California (see Armond Decl. Ex. 9), and although CommVault has submitted a document showing www.backnbiz.com is registered to Rothbarth, the only address it lists for him is in St. Louis, Missouri (see id. Ex. 10).

Next, CommVault relies on a patent infringement lawsuit filed by PB&J in the Eastern District of Missouri against EVault, Inc. (see Armond Decl. Ex. 3), a corporation with its principal place of business in this district (see id. Ex. 4).  CommVault's reliance on said filing is unavailing.  "Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness."  Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1361 (Fed. Cir. 1998) (holding "[a] patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement"); see also Juniper Networks, Inc. v. SSL Services, LLC, 2009 WL 3837266 (N.D. Cal. 2009) (rejecting "novel argument that the act of filing a [patent infringement] lawsuit against an alleged California resident – in a Texas district court – is sufficient to make a prima facie showing that [the defendant] has purposefully availed itself of the privilege of conducting activities within [California]") (internal quotation, citation, and emphasis omitted), aff'd, 404 Fed. Appx. 499 (Fed. Cir. 2011).  Nor is the Court persuaded by CommVault's wholly speculative argument that the stipulated dismissal of said lawsuit (see Armond Decl. Ex. 7) "strongly suggest[s]" that PB&J and EVault entered into a licensing agreement.  (See Pl.'s Opp. at 4:24-26); cf. Red Wing Shoe, 148 F.3d at 1362 (distinguishing case in which court found personal jurisdiction over non-resident patentee that had entered into "exclusive" license agreement with forum resident, thereby creating "continuing obligations" between patentee and forum) (internal quotation and citation omitted).

In sum, CommVault has not met its burden to show personal jurisdiction exists over PB&J in the Northern District of California.  See Electronics for Imaging, 340 F.3d at 1349.

CommVault requests, in the event the Court finds it has failed to establish specific jurisdiction, that it be afforded leave to conduct discovery, for the purpose of "explor[ing] PB&J's contacts and activities with this District."  (See Pl.'s Opp. at 7:20-22.)

"Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of facts is necessary."  Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008), cert. denied, 555

U.S. 1171 (2009).[5]  Here, however, CommVault, contrary to its argument, has failed to show any "inconsistencies between PB&J's real world activities and [PB&J's] arguments against jurisdiction" (see Pl.'s Opp. at 7:23-24), nor has CommVault otherwise made the requisite preliminary showing to support a request for discovery.  Rather, CommVault's request is "based on little more than a hunch that it might yield jurisdictionally relevant facts," see Boschetto, 539 F.3d at 1020, and, consequently, will be denied.

Accordingly, the motion to dismiss will be granted.[6]

## CONCLUSION

For the reasons stated above, PB&J's motion to dismiss is hereby GRANTED, and the above-titled action is hereby DISMISSED without prejudice to CommVault's refiling its complaint in an appropriate district.

**IT IS SO ORDERED.**

Dated:  June 25, 2013

_____
MAXINE M. CHESNEY
United States District Judge

---

[5] In patent cases, although the "law of the Federal Circuit" applies to determinations of personal jurisdiction, the "law of the regional circuit" applies to requests for jurisdictional discovery.  See Nuance Communications, Inc. v. Abbyy Software House, 626 F.3d 1222, 1230, 1235 (Fed. Cir. 2010).

[6] In light of the jurisdictional finding, the Court does not consider PB&J's alternative argument that venue is improper and/or inconvenient in this district.

5