**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   COMMVAULT SYSTEMS, INC.,              No. C-13-1332 MMC

12          Plaintiff,                     **ORDER GRANTING DEFENDANT'S**
                                           **MOTION TO DISMISS; VACATING**
13      v.                                 **HEARING**

14   PB&J SOFTWARE, LLC,

15          Defendant.
     _____/

16

17      Before the Court is defendant PB&J Software, LLC's ("PB&J") "Motion to Dismiss for

18   Improper Venue and Lack of Personal Jurisdiction, or in the Alternative, Motion to

19   Transfer," filed May 3, 2013.  Plaintiff CommVault Systems, Inc. ("CommVault") has filed

20   opposition, to which PB&J has replied.  Having read and considered the papers filed in

21   support of and in opposition to the motion, the Court deems the matter suitable for decision

22   on the parties' respective written submissions, VACATES the hearing scheduled for June

23   28, 2013, and rules as follows.

24                                **BACKGROUND**

25      On March 8, 2013, PB&J sent to CommVault, at its address in New Jersey, a letter

26   in which PB&J "advised" CommVault that CommVault was "in violation of United States

27   Patent 735635" by reason of "selling or purporting to license one or more products which

28   include the seeding feature covered by the 535 patent." (See Armond Decl., filed May 17,

1    2013, Ex. 2.)  In said letter, PB&J included a "demand" that CommVault "cease and desist"

2    from using, selling, or licensing "infringing products."  (See id.)  Shortly thereafter, on March

3    25, 2013, CommVault filed the instant complaint, by which it seeks a declaration that it "has

4    not infringed and is not infringing, contributorily infringing, or inducing infringement of the

5    '535 Patent."  (See Compl. at 3:3-4).

6                                        **DISCUSSION**

7          By the instant motion, PB&J argues it is not subject to personal jurisdiction in this

8    District.

9          "Personal jurisdiction takes two forms: specific and general."  AFTG-TG, LLC v.

10   Nuvoton Technology Corp., 689 F.3d 1358, 1360 (Fed. Cir. 2012).  "Specific jurisdiction

11   arises out of or relates to the cause of action, id. (internal quotation and citation omitted),

12   and "entails a three-part test: (1) whether the defendant purposefully directs activities at the

13   forum's residents; (2) whether the claim arises out of or relates to those activities; and (3)

14   whether assertion of personal jurisdiction is reasonable and fair," id. at 1361.  Specific

15   jurisdiction can be shown "even if [the defendant's] contacts [with the forum] are isolated

16   and sporadic."  Id. at 1360 (internal quotation and citation omitted).  By contrast, "[g]eneral

17   jurisdiction arises when a defendant maintains continuous and systematic contacts with the

18   forum state even when the cause of action has no relation to those contacts."  Id. at 1360

19   (internal quotation and citation omitted).

20         In support of its motion, PB&J relies on a declaration provided by James Rothbarth

21   ("Rothbarth"), who states he is the "sole manager, member, and employee of PB&J."  (See

22   Rothbarth Decl., filed May 3, 2013, ¶ 1.)[1]  In his declaration, Rothbarth states PB&J "does

23   not maintain any offices in the State of California" (see id. ¶ 2), "has never conducted

24   business relating to the '535 Patent in the Northern District of California" (see id. ¶ 3), "has

25   never enforced the '535 Patent in the Northern District of California" (see id. ¶ 4), "has

26   never solicited customers with respect to the '535 Patent in the Northern District of

27

28         [1]The declaration is filed as an attachment to PB&J's motion.

                                          2

1  California" (see id. ¶ 5), "does not maintain a registered agent or an office for service of

2  process in California" (see id. ¶ 6), "has never filed suit in the Northern District of California"

3  (see id. ¶ 9), and "has never reached any agreements relating to the enforcement of the

4  '535 Patent against companies that reside in the Northern District of California" (see id.).

5  CommVault argues that PB&J nonetheless is subject to specific jurisdiction.[2]  As discussed

6  below, the Court disagrees.

7      Where, as in the instant case, the jurisdictional determination is based on

8  declarations and other written materials, the plaintiff bears the burden of making a prima

9  facie showing that the defendant is subject to personal jurisdiction.  See Electronics For

10 Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003), cert. denied, 540 U.S. 1111

11 (2004).

12     Here, CommVault first relies on a webpage, located on a website maintained by

13 another entity, Startuply.com, that lists, without further elaboration, PB&J's "Address" as

14 "San Jose, California."  (See Armond Decl. Ex. 9.)  CommVault argues that "[b]y

15 representing that it has its headquarters in San Jose to solicit potential employees in

16 California and elsewhere, PB&J has . . . purposefully directed its activities to this District."

17 (See Pl.s' Opp. at 5:14-15.)[3]  Nothing on the above-referenced webpage, however,

18 suggests the reference to "San Jose, California" is a statement either made by or

19 attributable to PB&J, as opposed to a statement by the operator(s) of Startuply.com.[4]

20 Moreover, even assuming PB&J made the statement in some type of effort to solicit

21 California residents to work for PB&J, CommVault's claim for a declaration of non-

22 infringement in no way arises out of or relates to any such solicitation activity.

23

24     [2]CommVault states it currently is "not in a position to provide facts supporting
   general jurisdiction."  (See Pl.'s Opp., filed May 17, 2013, at 3:22-28.)

25     [3]San Jose is located in the Northern District of California.

26     [4]Further, said webpage lists, as the sole web address for PB&J, a link to
27 www.backnbiz.com, a website that contains no reference to PB&J or to any location in
   California (see Armond Decl. Ex. 9), and although CommVault has submitted a document
28 showing www.backnbiz.com is registered to Rothbarth, the only address it lists for him is in
   St. Louis, Missouri (see id. Ex. 10).

1    Next, CommVault relies on a patent infringement lawsuit filed by PB&J in the

2   Eastern District of Missouri against EVault, Inc. (see Armond Decl. Ex. 3), a corporation

3   with its principal place of business in this district (see id. Ex. 4).  CommVault's reliance on

4   said filing is unavailing.  "Grounding personal jurisdiction on such contacts alone would not

5   comport with principles of fairness."  Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,

6   148 F.3d 1355, 1361 (Fed. Cir. 1998) (holding "[a] patentee should not subject itself to

7   personal jurisdiction in a forum solely by informing a party who happens to be located there

8   of suspected infringement"); see also Juniper Networks, Inc. v. SSL Services, LLC, 2009

9   WL 3837266 (N.D. Cal. 2009) (rejecting "novel argument that the act of filing a [patent

10   infringement] lawsuit against an alleged California resident – in a Texas district court – is

11   sufficient to make a prima facie showing that [the defendant] has purposefully availed itself

12   of the privilege of conducting activities within [California]") (internal quotation, citation, and

13   emphasis omitted), aff'd, 404 Fed. Appx. 499 (Fed. Cir. 2011).  Nor is the Court persuaded

14   by CommVault's wholly speculative argument that the stipulated dismissal of said lawsuit

15   (see Armond Decl. Ex. 7) "strongly suggest[s]" that PB&J and EVault entered into a

16   licensing agreement.  (See Pl.'s Opp. at 4:24-26); cf. Red Wing Shoe, 148 F.3d at 1362

17   (distinguishing case in which court found personal jurisdiction over non-resident patentee

18   that had entered into "exclusive" license agreement with forum resident, thereby creating

19   "continuing obligations" between patentee and forum) (internal quotation and citation

20   omitted).

21    In sum, CommVault has not met its burden to show personal jurisdiction exists over

22   PB&J in the Northern District of California.  See Electronics for Imaging, 340 F.3d at 1349.

23    CommVault requests, in the event the Court finds it has failed to establish specific

24   jurisdiction, that it be afforded leave to conduct discovery, for the purpose of "explor[ing]

25   PB&J's contacts and activities with this District."  (See Pl.'s Opp. at 7:20-22.)

26    "Discovery may be appropriately granted where pertinent facts bearing on the

27   question of jurisdiction are controverted or where a more satisfactory showing of facts is

28   necessary."  Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008), cert. denied, 555

1  U.S. 1171 (2009).[5]  Here, however, CommVault, contrary to its argument, has failed to

2  show any "inconsistencies between PB&J's real world activities and [PB&J's] arguments

3  against jurisdiction" (see Pl.'s Opp. at 7:23-24), nor has CommVault otherwise made the

4  requisite preliminary showing to support a request for discovery.  Rather, CommVault's

5  request is "based on little more than a hunch that it might yield jurisdictionally relevant

6  facts," see Boschetto, 539 F.3d at 1020, and, consequently, will be denied.

7         Accordingly, the motion to dismiss will be granted.[6]

8                                    **CONCLUSION**

9         For the reasons stated above, PB&J's motion to dismiss is hereby GRANTED, and

10  the above-titled action is hereby DISMISSED without prejudice to CommVault's refiling its

11  complaint in an appropriate district.

12         **IT IS SO ORDERED.**

13

14  Dated:  June 25, 2013

15                                    MAXINE M. CHESNEY
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25         [5]In patent cases, although the "law of the Federal Circuit" applies to determinations
26  of personal jurisdiction, the "law of the regional circuit" applies to requests for jurisdictional
    discovery.  See Nuance Communications, Inc. v. Abbyy Software House, 626 F.3d 1222,
27  1230, 1235 (Fed. Cir. 2010).

28         [6]In light of the jurisdictional finding, the Court does not consider PB&J's alternative
    argument that venue is improper and/or inconvenient in this district.